**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHELTON, JR., | CASE NO. 1:07-cv-00560-AWI-SMS PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST |
| v. | |
| GLEN CHORLEY, | (Doc. 8) |
| Defendant. | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM |
| | (Doc. 1) |
| | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| | (Doc. 1) |

I.    **Findings and Recommendations Vacated**

Plaintiff Adam Shelton, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 11, 2007. On June 19, 2007, the court issued a Findings and Recommendations recommending dismissal of this action for failure to exhaust, based on plaintiff's non-meritorious contention that exhaustion occurs when an appeal is screened out as untimely. Plaintiff filed an Objection on July 18, 2007.

///

1

In his Objection, plaintiff submitted evidence that his appeal was screened out as untimely after he complied with two directives to correct deficiencies and provide further information. Plaintiff's evidence and explanation raise an issue of fact regarding whether his appeal was rejected despite his compliance with the proper procedures and the appeals coordinator's requests for supplementation. Woodford v. Ngo, 126 S.Ct. 2378, 2386 (2006). For this reason, the Findings and Recommendations recommending dismissal shall be vacated.

**II.   Screening Order**

    **A.   Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

///

///

**B.     Plaintiff's Claims**

Plaintiff is currently housed at Kern Valley State Prison, where the events at issue in this action allegedly occurred. Plaintiff names Correctional Officer Glen Chorley as a defendant, and is seeking money damages and unspecific injunctive relief. The claims in this action arise from the alleged denial of access to medical care and use of excessive physical force.

Plaintiff alleges that on March 22, 2006, he was going to the medical clinic for diabetic testing when defendant Chorley stopped him because he was wearing his personal shoes, in contravention of a memo which had been issued on February 27, 2006. Plaintiff alleges that he had a verified medical chrono allowing him to wear his shoes and attempted to explain that to defendant when defendant grabbed him, flipped him on his head, came down on his face and back with full body weight, and almost broke his arm. Plaintiff alleges that his arm was so badly damaged in the incident that a metal rod had to be placed in his arm to hold and replace torn tendons and ligaments.

**1.     Eighth Amendment Medical Care Claim**

Plaintiff alleges that defendant acted with deliberate indifference by denying him medical care on March 22, 2006, and refusing to verify his chrono. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging

3

a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's conclusory allegation that he was denied medical care on March 22, 2006, does not support a claim that defendant's actions rose to the level of a constitutional violation. Further, defendant's refusal to verify plaintiff's shoe chrono does not support a claim that defendant violated plaintiff's constitutional rights. Only if defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ," Farmer, 511 U.S. at 837, may plaintiff pursue a claim against defendant for denial of access to medical care in violation of the Eighth Amendment.

### 2.    Eighth Amendment Excessive Force Claim

Plaintiff alleges that on March 22, 2006, defendant used excessive physical force against him. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition

4

de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations are sufficient to state a claim under section 1983 against defendant for use of excessive force, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a).

**C.    Conclusion**

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant Chorley for use of excessive force, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendant for acting with deliberate indifference to his medical needs. The court will provide plaintiff the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendant Chorley for use of excessive force, plaintiff may so notify the court in writing, and the court will issue a Findings and Recommendations recommending that plaintiff's medical care claim be dismissed from this action, and will forward plaintiff a summons and a USM-285 form for completion and return. Upon receipt of the forms, the court will direct the United States Marshal to initiate service of process.

In the event that plaintiff does wish to file a second amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### III. Motion for Appointment of Counsel

In his complaint, plaintiff seeks the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a

///

determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

**IV.  Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations filed on June 19, 2007, is VACATED;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the court in this order, or
    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Chorley on his Eighth Amendment excessive force claim;
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order; and
5. Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   October 24, 2007**           /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE