# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SHELTON, JR., | CASE NO. 1:07-cv-00560-AWI-SMS PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF MEDICAL CARE CLAIM |
| v. | |
| GLEN CHORLEY, | (Doc. 1) |
| Defendant. | TWENTY DAY OBJECTION PERIOD |

**I.    Procedural History**

Plaintiff Adam Shelton, Jr. ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 11, 2007. On October 25, 2007, the court reviewed plaintiff's complaint and issued an order requiring plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on his excessive force claim. On November 8, 2007, plaintiff filed a notice stating his willingness to proceed on his excessive force claim. Based on plaintiff's notice, this Finding and Recommendation now issues.

**II.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

### III. Plaintiff's Claims

Plaintiff is currently housed at Kern Valley State Prison, where the events at issue in this action allegedly occurred. Plaintiff names Correctional Officer Glen Chorley as a defendant, and is seeking money damages and unspecified injunctive relief. The claims in this action arise from the alleged denial of access to medical care and use of excessive physical force.

Plaintiff alleges that on March 22, 2006, he was going to the medical clinic for diabetic testing when defendant Chorley stopped him because he was wearing his personal shoes, in contravention of a memo which had been issued on February 27, 2006. Plaintiff alleges that he had a verified medical chrono allowing him to wear his shoes and attempted to explain that to defendant when defendant grabbed him, flipped him on his head, came down on his face and back with full body weight, and almost broke his arm. Plaintiff alleges that his arm was so badly damaged in the incident that a metal rod had to be placed in his arm to hold and replace torn tendons and ligaments.

#### A. Eighth Amendment Medical Care Claim

Plaintiff alleges that defendant acted with deliberate indifference by denying him medical care on March 22, 2006, and refusing to verify his chrono. To constitute cruel and unusual

2

punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's conclusory allegation that he was denied medical care on March 22, 2006, does not support a claim that defendant's actions rose to the level of a constitutional violation. Further, defendant's refusal to verify plaintiff's shoe chrono does not support a claim that defendant violated plaintiff's constitutional rights. Only if defendant "[knew] of and disregard[ed] an excessive risk

///

to [plaintiff's] health . . . ," Farmer, 511 U.S. at 837, may plaintiff pursue a claim against defendant for denial of access to medical care in violation of the Eighth Amendment.

### B.  Eighth Amendment Excessive Force Claim

Plaintiff alleges that on March 22, 2006, defendant used excessive physical force against him. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations are sufficient to state a claim under section 1983 against defendant for use of excessive force, in violation of the Eighth Amendment. Fed. R. Civ. P. 8(a).

///

**IV.      Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant Chorley for use of excessive force, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendant for acting with deliberate indifference to his medical needs. Plaintiff was provided with the option of filing an amended complaint or proceeding on his excessive force claim. Based on plaintiff's notice that he is willing to proceed on his excessive force claim, it is HEREBY RECOMMENDED that the medical care claim against defendant Chorely be dismissed for failure to state a claim.[1]

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with this Finding and Recommendation, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 6, 2008**                              /s/ Sandra M. Snyder
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] In a separate order, the court provided plaintiff with a summons and a USM-285 form for completion and return. Upon receipt of the documents, the court will direct the United States Marshal to initiate service of the complaint.