# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Shelton, Jr., ) | No. CV 1-07-00560-MHM |
|     Plaintiff, ) | **ORDER** |
| vs. ) | |
| Glen Chorley, ) | |
|     Defendant. ) | |

Defendant has filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) on the ground that Plaintiff failed to exhaust the available administrative grievance process regarding his claim that Defendant used excessive force. (Doc. #21) The Court will construe said motion as an unenumerated Rule 12(b) Motion to Dismiss for failure to exhaust administrative remedies.

The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment. Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" Wyatt v. Trehune, 315 F.3d 1108, 1114 n.6 (9th Cir. 2003). A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered

1 against the prisoner." Id.

2       This requirement is extended to address a motion to dismiss for failure to exhaust, "a
3 procedure closely analogous to summary judgment." Id. at 1120 n. 14.  The court considers
4 exhaustion as a matter of abatement in an unenumerated Rule 12(b) motion and may look
5 beyond the pleadings to decide disputed issues of fact. Id. at 1119-20.  If the court considers
6 affidavits or other admissible evidence in deciding a motion to dismiss for failure to exhaust,
7 the plaintiff must have fair notice of his opportunity to develop a record. Id. at 1120 n.14.

8       Here, Plaintiff was not informed of his need to controvert Defendant's motion with
9 evidence, such as copies of grievances, sworn statements or affidavits.  Because Plaintiff did
10 not received the required notice under Wyatt, he will be provided with additional time to file
11 a response.

12 NOTICE TO PLAINTIFF

13       Defendant's motion seeks to have your case dismissed.  His motion will, if granted,
14 end your case.  Plaintiff is advised that failure to respond to Defendant's motion may be
15 treated as a waiver of any opposition to the granting of the motion, and judgment may be
16 entered dismissing this action without prejudice under Local Rule of the U.S. District Court
17 for the Eastern District of California 78-230(m).

18       Because Defendant's motion seeks dismissal of your Complaint for your failure to
19 exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a), the Court
20 may consider sworn declarations or other admissible documentary evidence beyond your
21 Complaint.  Moreover, if Defendant produces admissible evidence demonstrating that you
22 failed to exhaust your administrative remedies, your Complaint will be dismissed without
23 prejudice unless you produce copies of your grievances and grievance appeals or other
24 admissible evidence sufficient to show that you did exhaust all available administrative
25 remedies.  See Wyatt, 315 F.3d at 1108.  The response should also include either a (1) sworn
26 affidavit or (2) a signed and dated statement, made under penalty of perjury, affirming that
27 the facts are true and correct, in compliance with 28 U.S.C. § 1746.  In addition, Plaintiff
28 may attach affidavits of other individuals.  If he wishes to argue, as he did in his Objections

1  to the Magistrate's Findings and Recommendations (Doc. #9), that his appeal was rejected
2  despite his compliance with the proper procedures and requests for supplementation, Plaintiff
3  should attach a sworn statement or affidavit outlining in detail his efforts to exhaust.

4  **IT IS ORDERED:**

5  (1) Plaintiff shall have 18 days, plus 3 days for mailing or electronic service, from the
6  date of this Order in which to file a response to Defendant's Motion to Dismiss.  (Doc. #21)

7  (2) Defendant shall have 5 days, plus 3 days for mailing or electronic service, from
8  service of the response within which to file a reply.

9  Furthermore, for good cause shown,

10  **IT IS FURTHER ORDERED** granting Defendant's Motion for a Protective Order.
11  (Doc. # 23)  Responses to Plaintiff's discovery are stayed until 30 days after the Court rules
12  on the pending Motion to Dismiss in the event the Court denies said motion.

13  DATED this 4th day of February, 2009.

_____
Mary H. Murguia
United States District Judge