**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adam Shelton, Jr., )<br>          Plaintiff, )<br>vs. )<br>Glen Chorley, )<br>          Defendant. )<br>_____ ) | No. CV 1-07-560-MHM<br><br>**ORDER** |

    Pending before the Court are Plaintiff's Request (Motion) to Get My Legal Documents Out of My Property (Doc. # 42) and Motion Request for Counsel (Doc. # 44). The Court will address each motion in turn.

A.    <u>Plaintiff's Motion for Legal Documents</u>

    Plaintiff asks the Court for an order "to get legal documents from [his] property in the ASU property room." Plaintiff appears to allege that "Defendant's co-workers" are denying him access to these documents. Plaintiff in effect asks for a preliminary injunction.

    To establish a right to an injunction, a plaintiff must show that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor and that an injunction is not contrary to the public interest." <u>American Trucking Associations, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S. Ct. 365, 374 (2008)).

1 Accordingly, the Court will deny without prejudice Plaintiff's motion to get his legal
2 documents and allow him to re-submit his motion, if desired, with more detail in order to
3 establish the requirements set forth above.

4 B.     Plaintiff's Motion for Appointment of Counsel

5 On March 4, 2010, Plaintiff filed a motion for appointment of counsel (Doc. # 41),
6 which the Court denied on March 5, 2010 (Doc. # 43). Five days later, on March 10, 2010,
7 Plaintiff filed another motion requesting appointment of counsel, which is presently before
8 the Court. (Doc. # 44) Plaintiff provides no argument in this motion, but merely cuts and
9 pastes a portion of a prison "Clinical Review," which states that "Shelton has a reading score
10 of 2.7 therefore requiring a staff assistant" and that the "Clinical Psychologist reviewed
11 inmate's file and advised committee Shelton is not a participant in the MHSDS (Mental
12 Health Services Delivery System) and is able to comprehend the issues under review."

13 The Court finds that this information, without more, does not warrant appointment of
14 counsel at this time. Plaintiff has done a credible job in filing claims, presenting motions and
15 filing supporting papers on behalf of his case. Jackson v. Dallas Police Dept., 811 F.2d 260
16 (5th Cir. 1986). Indeed, Plaintiff successfully defeated Defendant's motion to dismiss.
17 Moreover, the evidence Plaintiff presents does not demonstrate that Plaintiff is incompetent.
18 Accordingly, the Court finds that this action presents no "exceptional circumstances"
19 requiring the appointment of counsel at this time and will deny Plaintiff's motion for
20 appointment of counsel.

21 Accordingly, based on the foregoing,

22 **IT IS ORDERED** denying without prejudice Plaintiff's Request (Motion) to Get My
23 Legal Documents Out of My Property. (Doc. # 42)

24 **IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Motion
25 / / /
26 / / /
27 / / /
28

1 requesting Appointment of Counsel. (Doc. # 44).

2 DATED this 1st day of June, 2010.

Mary H. Murguia
United States District Judge